By the Court.
E. T. B. agreed to build a house for •W. B., and that about $1393 of the cost should be paid in a mortgage note secured by vacant lots, upon the completion of the building. E. T. B. fulfilled his contract, and W. B. indorsed and delivered to him the note. The indorsement contained only the indorser’s name. Demand was made and notice of non-payment duly given. In a suit upon the note by a subsequent indorsee, who knew the facts, the indorser, by answer, set out the contract and averred, first, that his indorsement was without any consideration, and second, that it was made for no purpose 'except to transfer title to the note.
Held: 1. The indorsement beihg in blank, parol evidence of what was said by the parties in and about the transfer was properly admitted. Dye v. Scott, 35 Ohio St., 194, followed.
2. The indorsement prima facie implied that the indorser assumed its usual obligations, and upon him rested the burden of proving a different understanding or agreement.
3. If the evidence justified a finding that the then understanding, or agreement, was that the indorser assumed the usual obligation, the fulfilment by E. T. B. of his contract to build, applied as a consideration to support the transfer of the note as made.

Judgment affirmed.